IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

R. WAYNE JOHNSON,

        Plaintiff,

v.

DEPT. VETERAN AFF, and
U.S. DEPT. JUSTICE,

        Defendants.

OPINION AND ORDER

Case No. 19-cv-287-wmc

*Pro se* plaintiff R. Wayne Johnson, who is currently incarcerated at a Texas state correctional institution, filed a complaint entitled "Original Complaint for Writ of Mandamus; Motion to Enforce Crime Victim Rights Act; and Criminal Complaint." (Dkt. #1.) His allegations are vague, but it appears that Johnson is asking this court to direct the U.S. Attorney's office to prosecute unnamed employees at his institution for opening his mail. Johnson is seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (dkt. #2), and his incarceration requires this court to screen his complaint under 28 U.S.C. § 1915A. For the reasons that follow briefly, Johnson may not proceed *in forma pauperis*, and, even assuming that Johnson is willing to pay the full $400 filing fee, his complaint must be dismissed for failure to state a claim upon which relief can be granted.

To start, applicable to Johnson's motion to proceed *in forma pauperis* is the "three strike" limit set forth in 28 U.S.C. § 1915(g), which provides that no prisoner may bring a civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal that was dismissed on grounds that it was frivolous, malicious or failed to

state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. While Johnson has not previously filed any lawsuits in this court, a nationwide search shows that he has filed well over sixty cases throughout the country, many of which have been filed in Texas, and none of which resulted in relief for Johnson. At least three of those cases have been dismissed as frivolous or for failure to state a claim. *See Johnson v. Goains*, No. 4:12-cv-46 (W.D. Tex. May 14, 2012) (dismissing complaint for failure to state a claim); *Johnson v. Kennedy*, No. 2:09-cv-210 (S.D. Tex. Nov. 24, 2009) (dismissing complaint as frivolous and for failure to state a claim); *Johnson v. Whatley*, No. 02-40760, F. App'x 79 (5th Cir. 2003) (dismissing appeal as frivolous and stating that Johnson has at least three strikes for purposes of 28 U.S.C. § 1915(g)).[1]

Johnson's filing consists mainly of case citations and very few factual allegations, but his most recent filing makes it clear that he is asking this court to compel the U.S. Department of Justice to initiate a criminal proceeding against unidentified individuals working at his prison, on the ground that prison staff have been violating federal laws in opening his mail. There is *no* suggestion that he is currently in danger of suffering physical harm. Accordingly, the court is denying Johnson leave to proceed *in forma pauperis*.

Ordinarily the court would next inform Johnson that he would need to submit the $400 filing fee to continue this lawsuit, but that step would be fruitless, since the court

---

[1] While not relevant to the court's analysis under § 1915(g), it is worth noting that Johnson is under no-filing orders in other federal courts, and in June of 2013, one judge from the Northern District of Texas described him as an "abusive litigant." *See Johnson v. U.S. Marine Corps.*, No. 2:13-cv-66 (N.D. Tex. June 21, 2013).

would immediately dismiss this case under 28 U.S.C. § 1915A upon receipt of the full filing fee.

Johnson's petition for a writ of mandamus, which he brings pursuant to 28 U.S.C. § 1361, asks this court to compel the Department of Justice to prosecute certain unidentified prison officials for their handling of his mail. Although a district court may issue a writ of mandamus under 28 U.S.C. § 1361 to compel "an officer or employee of the United States . . . to perform a duty owed to the plaintiff," if may do so only if the duty owed is "a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *Sutherland v. Leonart*, 507 F. App'x 598, 599 (7th Cir. 2013) ("Absent legal constraints on an agency's discretion, mandamus relief is an inappropriate remedy to compel an agency to investigate or prosecute violations of the substantive law it enforces.") (citing *Wayte v. United States*, 470 U.S. 598, 607-08 (1985); *Heckler*, 466 U.S. at 616; *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1013-14 (7th Cir. 1991)). The Department of Justice's decision to prosecute an individual is purely discretionary; therefore, this court cannot use § 1361 to compel prosecution of Johnson's alleged offenders. *See Banks v. U.S. Attorney*, 318 F. App'x 56, 57-58 (3d Cir. 2009) (affirming dismissal of petition for a writ of mandamus asking district court to compel federal prosecution of federal prison officials); *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2d Cir. 1973) ("[F]ederal courts have traditionally, and, to our knowledge, uniformly unrefrained from overturning, at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made.").

Accordingly, Johnson's petition will be dismissed for failure to state a claim upon which relief can be granted.

ORDER

IT IS ORDERED that:

1. R. Wayne Johnson's motion for leave to proceed *in forma pauperis* (dkt. #2) is DENIED.

2. The proposed complaint is DISMISSED for failure to state a claim upon which relief can be granted.

3. Johnson's motion for appointment of counsel and to correct the record (dkt. #3) is DENIED.

Entered this 30th day of October, 2019.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge